People v Morey (2024 NY Slip Op 05248)

People v Morey

2024 NY Slip Op 05248

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

113154
[*1]The People of the State of New York, Respondent,
v
Steven E. Morey, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Veronica Reed, Schenectady, for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Madison County (Patrick J. O'Sullivan, J.), rendered September 8, 2021, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, course of sexual conduct against a child in the first degree, criminal sexual act in the first degree and course of sexual conduct against a child in the second degree.
In November 2019, an 11-year-old child (hereinafter the victim) disclosed to a school counselor that she had recently engaged in sexual activity with defendant, an unrelated adult male who lived with her family. Following a forensic interview and an examination of the victim by a sexual assault nurse examiner (hereinafter SANE), defendant was interviewed by investigators with the State Police, received verbal and written Miranda warnings, and thereafter admitted that he had sexual intercourse with the victim and engaged in various other sexual acts with her over an approximately two-year period of time. Defendant then signed a written statement to that effect, handwrote two apology letters to the victim and her family, and was arrested by investigators.
Defendant was ultimately charged by indictment with predatory sexual assault against a child, course of sexual conduct against a child in the first degree, criminal sexual act in the first degree and course of sexual conduct against a child in the second degree.[FN1] Defendant moved to suppress the statements that he made during his interview with investigators on the grounds that he was not advised of his Miranda rights. Following a Huntley hearing, County Court denied such motion. The matter proceeded to a jury trial, and defendant was convicted of each count as charged. County Court sentenced defendant to a prison term of 20 years to life for his conviction of predatory sexual assault against a child, to concurrent prison terms of 20 years, to be followed by 20 years of postrelease supervision, for his convictions of course of sexual conduct against a child in the first degree and criminal sexual act in the first degree, and to a lesser concurrent prison term on the remaining conviction. Defendant appeals.
Initially, we reject defendant's challenge to the denial of his motion to suppress. Defendant's contention that he was not advised of his Miranda rights is belied by the record, including the audiovisual recording of defendant's interview demonstrating that he received verbal and written warnings at the onset, confirmed that he understood his rights and acknowledged that he could invoke them at any time. To the extent that defendant also contends that his admissions — specifically the written statement and the apology letters — were the product of coercion and "fundamentally unfair [interrogation] methods" used by investigators, "having failed to raise this specific argument in his motion papers or at the Huntley hearing as a ground for suppression, defendant did not preserve the issue for our review" (People v Leppanen[*2], 218 AD3d 995, 1001 [3d Dept 2023] [internal quotation marks, brackets and citation omitted], lv denied 40 NY3d 1081 [2023]; see People v Covington, 222 AD3d 1166, 1169 n 3 [3d Dept 2023], lv denied 41 NY3d 964 [2024]; see generally People v McCarty, 221 AD3d 1360, 1365-1366 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]).
Next, defendant contends that the verdict is against the weight of the evidence. We disagree. "When conducting a weight of the evidence review, this Court must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Christie, 224 AD3d 1097, 1097-1098 [3d Dept 2024] [internal quotation marks and citations omitted]). As charged here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96). Further, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . he or she, being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than [13] years old" (Penal Law former § 130.75 [1] [b]).[FN2]
The evidence and testimony adduced at trial established that defendant became a family friend and began to help the victim's parents as a farmhand and eventually as a full-time babysitter to care for their several children. In November 2019, the parents went out for dinner and left their children, including the victim, with defendant. According to the victim, after her parents left, defendant offered to give her candy if she sat on his lap. After doing so, the victim testified that defendant displayed pornography on his phone before taking her to her bedroom and engaging in vaginal and anal sexual intercourse with her. On the following day, defendant engaged in sexual intercourse with the victim again, forcing her into her bedroom and bruising her inner thigh in the process as she tried to get away from him. The victim further testified that similar sexual contact between her and defendant had occurred several times "almost every weekend" since her family had moved to a new residence in February 2018. Such sexual contact also included several instances of oral sexual conduct.
Following the incidents in early November 2019, the victim reported discomfort and burning in "her private area," and the SANE who conducted a physical examination of the victim several days after the incidents indicated [*3]that she observed redness and soreness in the victim's vaginal and anal areas. Moreover, the SANE also testified that she observed a bruise and scratch on the victim's upper right thigh, consistent with the victim's contention that defendant injured her when she tried to get away. According to the testimony of the State Police investigators, defendant admitted during his interview that he engaged in multiple instances of vaginal sexual intercourse, anal sexual intercourse and oral sexual contact with the victim; defendant attributed these actions to the victim's "sexual curiosity" and that the occasions were "teaching moment[s]."
Although a contrary verdict would not have been unreasonable had the jury rejected the victim's version of events, the victim was sufficiently cross-examined and her testimony "was not contradicted by any compelling evidence and was not so unworthy of belief as to be incredible as a matter of law" (People v Machia, 206 AD3d 1272, 1276 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1151 [2022]). Indeed, the victim admitted on cross-examination to being subjected to sexual abuse from a third party near the time of the incident with defendant, and the results of a DNA analysis on the victim's bedding excluded defendant. However, the victim's account of what transpired included specific details relating solely to defendant's conduct, which was consistent with her disclosure to the school counselor and supported by the SANE's physical examination. It was also consistent with the confession made by defendant during his interview with investigators, which included admissions to engaging in essentially the same sexual conduct with the victim that she reported and which was then memorialized into a written statement read and signed by defendant — therefore corroborating the victim's testimony (see People v May, 188 AD3d 1309, 1310 [3d Dept 2020], lv denied 36 NY3d 974 [2020]). Further, given that the ages of the parties were stipulated to before trial, and that the victim's testimony and defendant's statement both indicated that the sexual conduct occurred for approximately two years, thus satisfying the other requirements under the Penal Law for each charge (see Penal Law §§ 130.35 [4]; 130.75 [1] [b]; 130.80 [1] [b]; 130.96), we are satisfied that the verdict is supported by the weight of the evidence (see People v Christie, 224 AD3d at 1100; People v Goff, 224 AD3d 1008, 1009 [3d Dept 2024]). We have examined defendant's remaining contentions and have found them to be without merit or rendered academic.
Garry, P.J., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant was also charged with rape in the first degree, which was subsequently dismissed before trial.

Footnote 2: During the pendency of this appeal, amended language to Penal Law § 130.75 (1) (b) took effect (see L 2023, ch 777, § 52).